■ BESSIE DELFYETTE, Respondent, v. HENRY A. FISHER et al., Individually and as Partners in FISHER & RAMER, Appellants.— In a malpractice action against lawyers, defendants appeal from an interlocutory judgment of the Supreme Court, Queens County, dated February 16, 1972, entered upon a jury verdict in favor of plaintiff, after a trial of the issue of flexibility. Interlocutory judgment reversed, on the law and the facts, with costs and complaint dismissed. Plaintiff persistently refused to submit to a physical examination despite a court order compelling her to do so in connection with her action against one Douth to recover damages for personal injuries. Because of such default her complaint was dismissed and this court affirmed an order denying a motion to vacate the default (Delfyette v. Douth, 28 A D 2d 846, app. dsmd. 23 N Y 2d 739). She thereafter brought the present action against the attorneys who had represented her in the prior action, alleging malpractice, and a trial was had on the issue of liability. Defendants rested on plaintiff's case and the jury found for her on the issue of lia-

bility. In our opinion plaintiff failed to prove a prima facie case. On the above-mentioned appeal in the personal injury action, this court rejected plaintiff's contention that her default was not willful but resulted from a mental condition aggravated by the accident. The record on that appeal failed to establish the existence of any mental or emotional instability or that the default was not willful. At the trial of the present action plaintiff produced no additional proof of mental unsoundness or the existence of any condition that would have required the court in the negligence action to appoint a guardian ad litem to protect her interests (cf. *Sengstack* v. *Sengstack*, 4 N Y 2d 502, 510; *Wurster* v. *Armfield*, 175 N. Y. 256, 262; *Anonymous* v. *Anonymous*, 3 A D 2d 590). So far as the record indicates, plaintiff's default was willful and was not caused by defendants' failure to move for a protective order, for appointment of a committee or guardian ad litem, or for leave to withdraw as counsel. In the circumstances disclosed, defendants' failure to take any of these steps did not constitute a deviation from the accepted standards of professional practice or a failure to exercise ordinary skill and diligence in representing plaintiff and conducting her litigation (cf. *Siegel* v. *Kranis*, 29 A D 2d 477, 479). Munder, Acting P. J., Latham, Gulotta, Christ and Benjamin, JJ., concur.