■ CHEMICAL BANK, Plaintiff, v STANLEY STAHL et al., Defendants. (Action A.) STANLEY STAHL, Respondent, v CHEMI-

CAL BANK, Appellant. (Action B.) [655 NYS2d 24] —Order, Supreme Court, New York County (Stephen Crane, J.), entered on or about September 26, 1996, which, to the extent appealed from, denied defendant-appellant in Action B Chemical Bank's motion pursuant to CPLR 3211 (a) to dismiss the second and third causes of action of the amended complaint, unanimously affirmed, without costs.

Defendant-appellant Chemical contends that plaintiff landlord is partially responsible, both as a factual matter and by operation of law, for asbestos contamination in the subject building, such that landlord's second cause of action for indemnity must fail. As to landlord's responsibility as a matter of fact, the documentary evidence does not definitively establish defendant's position, as would be necessary to grant the branch of the motion based on CPLR 3211 (a) (1) (*see, Demas v 325 W. End Ave. Corp.*, 127 AD2d 476, 477). Nor do we find landlord's claim for indemnity barred by virtue of its nondelegable duty to maintain the premises. An owner can seek indemnity for asbestos clean-up from a party wholly responsible for the wrongdoing (*see, City of New York v Keene Corp.*, 132 Misc 2d 745, *affd* 129 AD2d 1019). We also note that the imputation of negligence on the basis of statute applies only to the extent of making the owner liable to the tort victim, without precluding the owner from seeking a remedy from the party actually responsible for the defect (*see, Rogers v Dorchester Assocs.*, 32 NY2d 553, 562-563). Defendant Chemical has not shown a violation of a specific provision of the Administrative Code of the City of New York (*see, Velazquez v Tyler Graphics*, 214 AD2d 489) or a mandate of regular inspection by the owner (*see, Rivas v 1340 Hudson Realty Corp.*, 234 AD2d 132).

With respect to plaintiff's third cause of action for special damages from a public nuisance (*see, Copart Indus. v Consolidated Edison Co.*, 41 NY2d 564, 568), the IAS Court properly refused to dismiss on the basis of the doctrine of unclean hands, which raises issues that require factual exploration (*see, e.g., Dillon v Dean*, 158 AD2d 579, 580). The court also properly declined to dismiss on the basis that plaintiff is in pari delicto, which requires immoral or unconscionable conduct that makes the wrongdoing of the party against which it is asserted at least equal to that of the party asserting it (*see, City of New York v Corwen*, 164 AD2d 212, 218). Concur—Sullivan, J. P., Rosenberger, Rubin and Andrias, JJ.