■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERTRAM FERRER, Appellant. [689 NYS2d 639] —Judgment, Supreme Court, Bronx County (Edward Davidowitz, J.), rendered May 22, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The verdict was not against the weight of the evidence. We see no reason to disturb the jury's credibility determinations.

The court's summary denial of defendant's suppression motion was proper. Since the felony complaint alleged that the police had observed defendant making a drug sale immediately prior to his arrest, his conclusory allegation that he had not been involved in any criminal activity did not raise a factual issue warranting a hearing (see, People v Mendoza, 82 NY2d 415, 428-429). Concur—Ellerin, P. J., Nardelli, Mazzarelli, Rubin and Saxe, JJ.

■ ROBERT BURTON, Appellant, v MITCHELL ROGOVIN et al., Respondents. [692 NYS2d 37] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about January 9, 1998, which granted defendants' consolidated motions to dismiss the complaint, unanimously affirmed, without costs.

Plaintiff pro se seeks to recover from former co-counsel legal fees he asserts he would have received if his former client had not discharged him and if her claims had been more diligently pursued by co-counsel. We agree with the IAS Court that plaintiff's claims, some of which are denominated as breach of contract claims, sound in legal malpractice and tortious interference with contract. Plaintiff has no standing to assert the malpractice claims since there was no attorney-client relationship between him and co-counsel (see, Lavanant v General Acc. Ins. Co., 164 AD2d 73, 81, lv dismissed 77 NY2d 939), and, in any event, both the malpractice and tortious interference claims are time-barred (CPLR 214 [4], [6]). Dismissal of the action was additionally warranted since, under the Bankruptcy Code, the claims plaintiff would assert in his individual capacity are the property of plaintiff's bankruptcy estate (11 USC § 541 [a]). Concur—Ellerin, P. J., Nardelli, Mazzarelli, Rubin and Saxe, JJ.