■ ARNOLD S. Ross, Individually and as an Officer and Director and Derivatively as a Shareholder of HIRSCHFELD, STERN, MOYER & ROSS, INC., Respondent, v HENRY S. MOYER, JR., Appellant, et al., Counterclaim Defendants. [730 NYS2d 318] —Order, Supreme Court, New York County (Barry Cozier, J.), entered February 23, 2001, which granted plaintiff's motion for partial summary judgment as to liability on his first and third causes of action for breach of fiduciary duty and breach of implied duty of loyalty, unanimously reversed, on the law, with costs, and the motion for partial summary judgment denied.

In this action for damages arising from defendant's alleged misconduct in diverting company assets, defendant's principal theory of defense is that plaintiff's own diversion of corporate monies, and his exclusion of defendant from directorial and strategic management decisions, abrogated defendant's fiduciary duties to plaintiff and to the corporations. He concedes that he did, in fact, solicit certain clients and that he placed the commissions earned from these clients in a separate account. However, defendant contends that he is not liable since by the time he solicited the clients, he had been "squeezed out" of control of the corporation, and thus did not owe the fiduciary duties of a 50% shareholder, director or officer. Essentially, defendant argues that his fiduciary duties were on a sliding scale. As plaintiff committed bad acts, defendant's duties were reduced or limited proportionately. We reject this legal theory as it is unsupported by any case law or statutory authority.

However, we conclude that the factual findings made in the related action involving the dissolution proceeding of the nine corporations co-owned by the parties, which were confirmed by the IAS court and affirmed upon appeal to this Court (*Matter of Hirschfeld, Stern, Moyer & Ross*, 286 AD2d 611 [decided herewith]), are sufficient to defeat plaintiff's motion for summary judgment. The Special Referee found that each party was a 50% owner of the corporations and the assets and liabilities should be divided on a 50/50 basis. Plaintiff was found to have, *inter alia*, taken commissions in an amount larger than his determined share. The Special Referee recommended, and the IAS court ordered, that plaintiff: (1) pay back a $125,000 loan

he took from the corporations; (2) pay back expenses in the amount of $264,000, incurred by a newly incorporated entity, but which were paid for by the corporations; (3) pay back attorneys' fees in the amount of $75,000, which were paid by the corporation; and (4) pay back $670,000 of corporate funds which he secretly wired to himself. After referring the matter to an independent liquidating agent for calculation, the motion court ordered plaintiff to repay $2,003,340 to the corporations; repay any unpaid loans; and, repay the $75,000 he took to pay his legal fees. Where a plaintiff has committed breaches of fiduciary duties owed to a defendant, the doctrine of unclean hands applies to bar such plaintiff from seeking relief on his or her equitable claims (see, Cohen v Katz, 242 AD2d 448). Here, there are issues of fact as to plaintiff's unclean hands. Concur—Williams, J. P., Mazzarelli, Andrias, Lerner and Saxe, JJ.