■ LINDA WIEST, Respondent, v RICHARD BRESLAW et al., Appellants, et al., Defendants. [780 NYS2d 125]—

Orders, Supreme Court, New York County (Louis B. York, J.), entered June 16, 2003 and on or about November 12, 2003, which, to the extent appealed from, denied the Breslaw defendants' motion to dismiss the first and third through eighth causes of action of the complaint, unanimously modified, on the law, the eighth cause of action for intentional infliction of emotional distress dismissed, and otherwise affirmed, without costs.

While plaintiff's decedent acted unlawfully in possessing and ingesting ecstasy at the Twilo nightclub, such was not the type of offensive conduct that would preclude recovery under the in pari delicto doctrine (*Chemical Bank v Stahl*, 237 AD2d 231 [1997]; *see also Alami v Volkswagen of Am.*, 97 NY2d 281 [2002]). The decedent's illegal behavior pales in comparison to appellants' wrongdoing, which consisted of countenancing drug abuse on the premises and secreting stricken patrons, including the decedent on the night in question, in a back room, instructing appellants' personnel to refrain from calling an ambulance and misleading police officers responding to the scene, thus depriving these patrons of timely medical attention. However, the cause of action for intentional infliction of emotional distress should have been dismissed since the requisite intent to cause plaintiff emotional distress was lacking (*see Howell v New York Post Co.*, 82 NY2d 690 [1993]; *compare Roach v Stern*, 252 AD2d 488 [1998]). Concur—Nardelli, J.P., Saxe, Sullivan, Marlow and Catterson, JJ.