■ GENEVIEVE LANE LOPRESTI, ESQ., Appellant, v ROSE A. FLORIO and Another, as Executors of TERESA ANTONACCI, Deceased, et al., Respondents, et al., Defendants. [899 NYS2d 10]—

Order, Supreme Court, Nassau County (Zelda Jonas, J.), entered on or about June 22, 2006, which, to the extent appealed from, granted the motion by Gerald and David Antonacci to dismiss the first, third, fourth and fifth causes of action and denied without prejudice plaintiff's cross motion for an extension of time to serve amended pleadings, unanimously modified, on the law, plaintiff's cross motion to extend time to serve Gerald and David Antonacci granted, and otherwise affirmed, without costs.

Plaintiff represented a client who was allegedly evicted from her home by the Antonacci defendants. At the time of the eviction, defendants allegedly made certain defamatory remarks impugning plaintiff's competence as an attorney.

The claim for tortious interference with contract was defective because the contract was terminable at will and the means allegedly employed by defendants to interfere with the contract did not include fraudulent representations, violation of a duty of fidelity or threats (*see Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d 183, 193 [1980]). The claim for intentional infliction of emotional distress was properly dismissed because the conduct alleged is not so extreme in degree and outrageous

in character as to exceed all possible bounds of decency or be regarded as atrocious and utterly intolerable in a civilized community (*Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303 [1983]). There could be no negligent infliction of emotional distress in the absence of an allegation of contemporaneous or consequential physical injury (*see Johnson v State of New York*, 37 NY2d 378, 381 [1975]). The claim for injunctive relief was properly dismissed because there was no evidence of a sustained campaign to interfere with plaintiff's business that would justify a prior restraint on speech (*Rosenberg Diamond Dev. Corp. v Appel*, 290 AD2d 239 [2002]).

The application for an extension of time to serve amended pleadings on certain defendants should have been granted in the interest of justice (CPLR 306-b; *Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 104 [2001]). Where a complaint is dismissed after a traverse hearing, the court would lack jurisdiction to grant an extension. Here, the remaining cause of action for defamation will be time-barred if the extension is not granted. Plaintiff moved promptly after she learned certain defendants were claiming improper service. Defendants will suffer no cognizable prejudice from the extension. Concur—Andrias, J.P., Nardelli, Buckley and Catterson, JJ.

Motion for substitution for deceased party granted.