■ Ellen Minkow, Appellant, v Alan J. Sanders et al., Respondents. [920 NYS2d 34]—

The documentary evidence conclusively disposed of plaintiff's legal malpractice claims (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). The hearing court found that plaintiff's disobedience of the so-ordered stipulation directing her to transfer certain custodial accounts to her husband's attorney to be placed in escrow or immediately liquidate the accounts and transfer the proceeds was willful. In light of such willful conduct, the motion court properly found that plaintiff— not her attorneys—was the proximate cause of her contempt adjudication and the resulting incarceration (*see Delfyette v Fisher*, 40 AD2d 674 [1972]). We note that letters from the husband's attorneys, which were provided to plaintiff by defendants, unambiguously indicated that plaintiff's compliance with the so-ordered stipulation was a condition precedent to further settlement discussions. Defendants' alleged failure to correct the purge amount set forth in the contempt order to conform to the stipulation was also not a proximate cause of plaintiff's incarceration from December 23 through December 26, since the stipulation identified the amounts in the subject accounts as "approximate current balance[s]," thus recognizing that their values were subject to market fluctuation. In addition, the slightly higher purge amount in the contempt order conformed to plaintiff's own authorization to transfer the accounts dated just the previous day. Defendants' alleged failures to obtain and provide discovery and with respect to support could have been remedied by successor counsel (*see Somma v Dansker & Aspromonte Assoc.*, 44 AD3d 376, 377 [2007]); moreover, any attempt at modification of the pendente lite award would have had limited prospects of success (*see Nimkoff v Nimkoff*, 69 AD3d 501 [2010]). We have considered plaintiff's other contentions and find them unavailing. Concur—Gonzalez, P.J., Catterson, Richter, Abdus-Salaam and Román, JJ.