■ JAMES G. O'CALLAGHAN, Appellant, v GEORGE BRUNELLE, ESQ., et al., Respondents, et al., Defendants. [923 NYS2d 89]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered June 14, 2010, which, in an action alleging, inter alia, legal malpractice, granted defendants' motion to dismiss the complaint, unanimously affirmed, with costs.

Plaintiff was charged with violating various rules of the New York Stock Exchange (NYSE) and the Securities Exchange Commission (SEC) for engaging in prohibited conduct while working as a floor trader, by simultaneously initiating and executing transactions on behalf of a company in which he had investment discretion. He was convicted of the charges at a disciplinary proceeding and commenced this action against his attorneys for failure to call a certain witness during the proceeding.

The documentary evidence in support of the motion, including decisions from the NYSE and SEC, refuted plaintiff's allegations that defendants' failure to call the witness, who consented to the NYSE's Hearing Panel's finding that he engaged in conduct constituting improper trading arrangements and

violated various rules, constituted legal malpractice and established a defense as a matter of law warranting dismissal of the complaint (*see Minkow v Sanders*, 82 AD3d 597 [2011]; *see also* CPLR 3211 [a] [1]). Contrary to plaintiff's contention, it is apparent from the motion court's decision that it properly treated the instant motion as one to dismiss and not one for summary judgment (*compare Sokol v Leader*, 74 AD3d 1180 [2010]).

Plaintiff also failed to state a cause of action for legal malpractice, which requires that a complaint allege "the negligence of the attorney; that the negligence was the proximate cause of the loss sustained; and actual damages" (*Leder v Spiegel*, 31 AD3d 266, 267 [2006], *affd* 9 NY3d 836 [2007], *cert denied* 552 US 1257 [2008]; *see* CPLR 3211 [a] [7]). Plaintiff failed to establish defendants' negligence by showing that they did not exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession (*see AmBase Corp. v Davis Polk & Wardwell*, 8 NY3d 428, 434 [2007]), and failed to establish proximate cause in that but for defendants' alleged malpractice, he could have prevailed on the underlying claim (*see Fenster v Smith*, 39 AD3d 231 [2007]; *Bishop v Maurer*, 33 AD3d 497, 498 [2006], *affd* 9 NY3d 910 [2007]). Concur—Mazzarelli, J.P., Sweeny, Acosta, Renwick and DeGrasse, JJ.