■ RICHARD T. FITZSIMMONS et al., Respondents, v PRYOR CASH-MAN LLP et al., Appellants. [932 NYS2d 696]—

The court applied the correct standard and properly held that the complaint states a cause of action for legal malpractice. Plaintiff put forth sufficient detail to establish the negligence of the attorneys, that the negligence was the proximate cause of the losses sustained by the benefits funds, and actual damages to those funds (*see Leder v Spiegel*, 9 NY3d 836, 837 [2007], *cert denied* 552 US 1257 [2008]; *O'Callaghan v Brunelle*, 84 AD3d 581, 582 [2011]). Plaintiffs were not required to allege the specific scope of defendants' duties, given the absence of a governing retainer agreement (*see Greenwich v Markhoff*, 234 AD2d 112, 114 [1996]). Moreover, the documentary evidence— including Form 5500s, minutes of a 1997 Board meeting, and Department of Labor letters—does not conclusively disprove plaintiffs' allegations (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). Plaintiffs' expert affidavit was properly considered to remedy any defects in the complaint (*see Leon v Martinez*, 84 NY2d 83, 88 [1994]).

We have considered defendants' remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Tom, Catterson, Richter and Román, JJ.