In this legal malpractice action, plaintiff, a physician, alleges that defendants failed, inter alia, to represent him properly in connection with investigations by Medicare and the Office of Professional Conduct into the licensure of his employee, Jerrold Levoritz, and his billing practices, and that these failures resulted in his arrest for grand larceny and insurance fraud.
The documentary evidence submitted by defendants on their CPLR 3211 motion refutes plaintiff’s allegations, by showing that any purported negligence on their part in connection with the administrative proceedings or any advice with respect to plaintiffs method of billing Medicare for Levoritz’s services did not proximately cause plaintiff’s arrest. The indictment for grand larceny in the second degree charged that plaintiff billed for services that were not rendered, and the record of his criminal conviction for grand larceny plainly contradicts the allegations in the complaint (see Bishop v Maurer, 33 AD3d 497 [1st Dept 2006], affd 9 NY3d 910 [2007]). Since plaintiffs own ac *521 tions resulted in his arrest, he failed to show that any alleged malpractice on defendants’ part proximately caused his damages, i.e., his arrest (see Minkow v Sanders, 82 AD3d 597 [1st Dept 2011]). This failure mandates the dismissal of his legal malpractice action regardless of whether defendants were negligent (Leder v Spiegel, 31 AD3d 266, 267-268 [1st Dept 2006], affd 9 NY3d 836 [2007], cert denied 552 US 1257 [2008]).
In pleading his Judiciary Law § 487 claim, plaintiff failed to allege that defendants acted “with intent to deceive the court or any party” (id. § 487 [1]) or “ ‘a chronic and extreme pattern of legal delinquency’ ” (Kaminsky v Herrick, Feinstein LLP, 59 AD3d 1, 13 [1st Dept 2008], lv denied 12 NY3d 715 [2009]). Concur — Mazzarelli, J.P., Friedman, Ren wick, Moskowitz and Richter, JJ.