■ MICHELLE SAVITT et al., Appellants, v GREENBERG TRAURIG, LLP, et al., Respondents. [5 NYS3d 415]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered June 28, 2013, which, to the extent appealed from, as limited by the briefs, granted defendants' motions to dismiss the Judiciary Law § 487 claims against defendant law firm and the individual attorney defendants, and the derivative claims against defendants Janis Savitt (Janis) and Designs by Janis Savitt, Inc. (Designs), unanimously modified, on the law, the motion to dismiss the derivative claims denied, and otherwise affirmed, without costs.

The motion court properly dismissed the Judiciary Law § 487 claims since the complaint "fails to show either a deceit that reaches the level of egregious conduct or a chronic and extreme pattern of behavior on the part of" the defendant attorneys (*see Wailes v Tel Networks USA, LLC*, 116 AD3d 625, 625-626 [1st Dept 2014]; *Herschman v Kern, Augustine, Conroy & Schoppman*, 113 AD3d 520 [1st Dept 2014]). The complaint alleges only bare legal conclusions that the defendant attorneys, who jointly represented plaintiffs and defendants Janis and Designs in a prior lawsuit, acted with the requisite intent to deceive. Specifically, there are no factual allegations from which to infer that the attorneys knew that their advice to plaintiffs that there were no meritorious claims they could have asserted against Janis and Designs in the prior lawsuit, was false, and thus, that they knowingly and intentionally misled plaintiffs into releasing Janis and Designs from all claims in the course of settling that lawsuit (*Callaghan v Goldsweig*, 7 AD3d 361, 362 [1st Dept 2004]).

The motion court erred, however, in dismissing the derivative claims asserted by plaintiff Michelle Savitt on behalf of M+J Savitt, Inc. (M+J), against Janis and Designs on the basis of unclean hands (*see Ross v Moyer*, 286 AD2d 610, 611 [1st Dept 2001]). Michelle and Janis allege corporate misdeeds against each other. However, there are issues of fact as to whether Michelle committed misconduct and, if so, whether Janis's misconduct far exceeded that of Michelle. There are also questions of fact as to whether Janis was aware of and consented to Michelle's conduct (*Dillon v Dean*, 158 AD2d 579, 580 [2d Dept 1990]; *Stahl v Chemical Bank*, 237 AD2d 231, 232 [1st Dept 1997]). Concur—Mazzarelli, J.P., Andrias, Saxe, Feinman and Clark, JJ.