Costa v Arandia & Arandia (2021 NY Slip Op 00904)





Costa v Arandia & Arandia


2021 NY Slip Op 00904


Decided on February 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 11, 2021

Before: Renwick, J.P., Kapnick, Kern, Moulton, JJ. 


Index No. 158085/13 Appeal No. 12486 Case No. 2019-05006 

[*1]Luciana Costa, Plaintiff-Appellant,
v
Arandia & Arandia et al., Defendants-Respondents.


Sutton Sachs Meyer PLLC, New York (Zachary G. Meyer of counsel), for appellant.
Arandia Law Firm, Kew Gardens (Alexander Arandia of counsel), for Arandia & Arandia, respondent and Alexander Arandia, respondent pro se.



Order, Supreme Court, New York County (Tanya R. Kennedy, J.), entered November 19, 2019, which granted defendants' motion for summary judgment as to their first counterclaim for breach of contract and denied plaintiff's cross motion for summary judgment, unanimously modified, on the law, to deny defendants' motion, to grant plaintiff's cross motion to the extent of declaring that the contingency fee agreement does not apply to $5,000 from each annual payment in the settlement agreement allocated toward child support, to remand for proceedings consistent with this order, and as so modified, affirmed, without costs.
The motion court correctly rejected plaintiff's argument that the contingency fee agreement as a whole was unenforceable. Duly agreed contingent fee arrangements are generally valid (see Lawrence v Graubard Miller, 11 NY3d 588, 596 n 4 [2008]). The contingency fee agreement here was not prohibited where the underlying dispute related only to plaintiff's alleged breach of the confidentiality provisions of a prior child support agreement and did not concern a divorce or other domestic relations matter as set forth in 22 NYCRR 1400.1 and 1400.2. However, the contingency fee agreement cannot apply to $5,000 of each $100,000 annual payment in the settlement agreement allocated toward upward modifications of child support.
Although defendants tendered sufficient evidence to establish a prima facie showing on their breach of contract counterclaim, plaintiff raised an issue of fact as to whether defendants agreed to waive a portion of their fee. Plaintiff specifically alleged in her personally verified complaint that on December 7, 2011, defendants told her that they would not take a 25% fee from the annual payments she was to receive in order to induce her to sign the settlement agreement. This presents an issue of fact that precludes summary judgment on defendants' counterclaim (see CPLR 105(u); Sanchez v National R.R. Passenger Corp., 21 NY3d 890, 891 [2013]).
We do not find sanctions to be warranted at this time.
The Decision and Order of this Court entered herein on November 24, 2020 (188 AD3d 591 [1st Dept 2020]) is hereby recalled and vacated (see M-4111 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 11, 2021