Nehmadi v Claude Castro & Assoc. PLLC (2022 NY Slip Op 02629)

Nehmadi v Claude Castro & Assoc. PLLC

2022 NY Slip Op 02629

Decided on April 21, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 21, 2022

Before: Renwick, J.P., Kapnick, Mazzarelli, Shulman, Pitt, JJ. 

Index No. 157845/20 Appeal No. 15758 Case No. 2021-01378 

[*1]Behzad Nehmadi, also known as Ben Nehmadi, Plaintiff-Appellant,
v
Claude Castro & Associates PLLC et al., Defendants-Respondents.

Starr Associates LLP, New York (David William Tyler of counsel), for appellant.
Claude Castro, respondent pro se.
Law Office of D. Paul Martin PLLC, New York (D. Paul Martin of counsel), for Claude Castro & Associates Pllc, respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered March 25, 2021, which granted defendants' motion to dismiss the complaint with prejudice, unanimously affirmed, with costs.
The court correctly dismissed plaintiff's Judiciary Law § 487 claim with prejudice where plaintiff failed to allege the elements of a cause of action under the statute, i.e., intentional deceit and damages proximately caused by the deceit (see Judiciary Law § 487; Facebook, Inc. v DLA Piper LLP [US], 134 AD3d 610, 615 [1st Dept 2015], lv denied 28 NY3d 903 [2016]; see also Shawe v Elting, 161 AD3d 585 [1st Dept 2018], lv denied 32 NY3d 907 [2018]). Plaintiff's conclusory allegations do not support a showing of "egregious conduct or a chronic and extreme pattern of behavior" on the part of defendant attorney that caused damages to plaintiff (Facebook, 134 AD3d at 615 [internal quotation marks omitted]; see also Savitt v Greenberg Traurig, LLP, 126 AD3d 506, 507 [1st Dept 2015] [internal quotation marks omitted]). Specifically, the allegations do not amount to acts of deceit, as defendant attorney's statements, which consist mainly of simple advocacy, do not give rise to an inference that defendant acted with intent to deceive (see Seldon v Lewis Brisbois Bisgaard & Smith LLP, 116 AD3d 490 [1st Dept 2014], lv denied 25 NY3d 985 [2015]; see also Facebook at 615).
We decline to grant defendants' request for sanctions pursuant to 22 NYCRR 130-1.1.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 21, 2022