23-274-cv
Ray v. Balestriere Fariello

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of February, two thousand twenty-four.

PRESENT:  RAYMOND J. LOHIER, JR.,
          EUNICE C. LEE,
          MYRNA PÉREZ,
               *Circuit Judges.*
------------------------------------------------------------------
AMES RAY,

     *Plaintiff-Counter-Defendant-Appellant*,

               v.                                No. 23-274-cv

BALESTRIERE FARIELLO,

     *Defendant-Counter-Claimant-Appellee*,

JOHN G. BALESTRIERE,

     *Defendant-Appellee*,

1

JOHN DOES 1–5,

        *Defendants.*

-------------------------------------------------------------------

FOR APPELLANT:                     DAVID ANZISKA, Law Offices of David Anziska, Brooklyn, NY

FOR APPELLEES:                    MATTHEW W. SCHMIDT, Balestriere Fariello, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Jennifer L. Rochon, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Ames Ray appeals from a judgment of the United States District Court for the Southern District of New York (Rochon, *J.*) dismissing his case after a jury returned a verdict in favor of Defendants-Appellees.   We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Ray and a law firm representing him (Balestriere Fariello) were ordered to appear at a sanctions hearing in January 2016, after an action Ray filed against his ex-wife was dismissed. Before the sanctions hearing, Ray and Balestriere Fariello disagreed about whether to file an attorney misconduct action against opposing counsel. Ray relieved Balestriere Fariello before the sanctions hearing and refused to pay the firm.

In April 2019 Ray sued Balestriere Fariello for (1) breach of fiduciary duty in connection with Balestriere Fariello's failure to disclose a conflict of interest; (2) violation of New York Judiciary Law § 487 arising from Balestriere Fariello's attempt to dissuade Ray from filing the attorney misconduct action; and (3) conversion based on Balestriere Fariello's refusal to return Ray's litigation file. Balestriere Fariello sought relief on an account stated counterclaim based on the unpaid invoices. The District Court (Failla, *J.*) granted summary judgment on Ray's claim under § 487 of the Judiciary Law, but the remaining claims proceeded to trial. *See Ray v. Balestriere Fariello*, No. 18-CV-11211 (KPF), 2021 WL 3810640, at *9–10 (S.D.N.Y. Aug. 26, 2021). The jury returned a verdict against Ray on his breach of fiduciary duty and conversion claims and in favor of Balestriere Fariello on its account stated claim.

## I.    Judiciary Law § 487 Claim

Ray first challenges the District Court's grant of summary judgment dismissing his Judiciary Law § 487 claim.   Judiciary Law § 487 claims require that the plaintiff "show either a deceit that reaches the level of egregious conduct or a chronic and extreme pattern of behavior on the part of the defendant attorneys."   *Savitt v. Greenberg Traurig, LLP*, 5 N.Y.S.3d 415, 416 (App. Div. 2015) (quotation marks omitted).   At the summary judgment stage, Ray failed to adduce evidence that Balestriere Fariello "knew that their advice to [Ray] that there [was] no meritorious claim[] [he] could have asserted against [opposing counsel] was false."   *Id.*   Indeed, the claim that Ray instructed another lawyer to file against opposing counsel was dismissed.   *See Ray v. Watnick*, 182 F. Supp. 3d 23 (S.D.N.Y. 2016), *aff'd*, 688 F. App'x 41 (2d Cir. 2017).   Nor is there record evidence that Balestriere Fariello intended to deceive Ray or engaged in "egregious conduct" or "a chronic and extreme pattern of behavior."

## II.    Breach of Fiduciary Duty Claim

We also affirm the judgment entered upon a jury verdict dismissing Ray's breach of fiduciary duty claim.   A reasonable juror could find for Defendants-Appellees given the testimony of Balestriere Fariello witnesses that there was no

conflict of interest because the firm offered to take full responsibility for the sanctions and advised Ray to speak with separate counsel before the sanctions hearing. For these reasons, we decline to disturb the verdict.

Ray challenges the admissibility of testimony by Defendant John Balestriere that he advised Ray to speak with separate counsel before the sanctions hearing. Ray never objected to the admissibility of this testimony at trial. "Where a party has failed to preserve its objection to the admission of evidence, we review for plain error to determine whether the evidentiary ruling resulted in a miscarriage of justice or is an obvious instance of misapplied law." *Cruz v. Jordan*, 357 F.3d 269, 271 (2d Cir. 2004) (quotation marks omitted). Under the circumstances of this case, we conclude that the admission of this testimony was not plain error. To the contrary, Ray's opening statement to the jury at trial expressly recognized that the advice Balestriere provided, which reflects the core of Balestriere's challenged testimony, was relevant to Ray's breach of fiduciary duty claim. *See* App'x 572 ("All defendants needed to do was advise my client that he should retain an additional attorney to represent him . . . ."). For these reasons, we reject Ray's challenge to the admission of this testimony.

### III.  Account Stated Claim

Lastly, we affirm the judgment entered upon the jury's verdict in favor of Balestriere Fariello on its account stated claim.   The central issue at trial was whether Ray adequately objected to the invoices.   Having reviewed the record, we are persuaded that a reasonable juror could have found that Ray did not adequately object.   *See* App'x 1064.   We thus reject Ray's arguments in favor of a new trial.

We have considered Ray's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6