**Robbins v O'Hara, Jennifer J. & J. O'Hara & Assoc.**

2025 NY Slip Op 32005(U)

June 5, 2025

Supreme Court, New York County

Docket Number: Index No. 152842/2022

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. DAVID B. COHEN**                    PART                    58

*Justice*

---------------------------------------------------------------------------------X

ROBBINS, HENRY                                            INDEX NO.          152842/2022

                            Plaintiff,                   MOTION DATE        08/28/2023

            - v -                                        MOTION SEQ. NO.       002

O'HARA, JENNIFER J and J. O'HARA & ASSOCIATES            **DECISION + ORDER ON**
                                                              **MOTION**
                            Defendants.

---------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57

were read on this motion to/for                      DISMISSAL                     .

In this legal malpractice action, defendants move, pursuant to CPLR 3211(a)(1) and (7), to dismiss the complaint.

## I.      Background Facts

This action arises out of defendants' representation of plaintiff in a matrimonial action against his then-spouse, Jenny Madero.

In his complaint, plaintiff alleges that he retained defendants in 2018 to represent him in a divorce proceeding against Madero[1] (NYSCEF 1).  In February 2020 plaintiff and Madero signed a Stipulation of Settlement (Settlement Agreement), which, among other things, required plaintiff to obtain life insurance naming Madero as the beneficiary to secure his payment obligations under the agreement (*id.*).   Following the onset of the COVID-19 pandemic and its alleged impact on plaintiffs' finances, plaintiff contends that defendants advised him that the

---

[1] In 2018, at the beginning of plaintiff's representation, defendant O'Hara was a partner at the law firm DelBello Donnellan Weingarten Wise & Wiederkehr LLP.  She left the DelBello firm in 2020 at which point plaintiff substituted her new firm, defendant J. O'Hara & Associates, P.C., as his counsel of record.

**152842/2022   ROBBINS, HENRY vs. O'HARA, JENNIFER J ET AL**                    **Page 1 of 8**
  **Motion No.  002**

pandemic provided grounds to "vitiate" the entire Stipulation, including the life insurance requirement (*id.*).

In his affirmation, plaintiff claims this advice was contrary to well-established New York precedent and was based on a "phantom" legal research project that was fabricated to generate more than $40,000 in additional legal fees (NYSCEF 51). Relying on this erroneous advice, plaintiff did not obtain the required life insurance (*id.*).

On August 6, 2020, Madero submitted an order to show cause seeking to compel plaintiff to obtain the agreed-upon life insurance, and also requested attorneys' fees (NYSCEF 39). In response, on October 28, 2020, defendants filed a cross-motion on plaintiff's behalf seeking relief from certain financial obligations under the Settlement Agreement, including the life insurance requirement, the distributive award, and spousal maintenance, and acknowledged during oral argument that defendants were asking the Court to make new law (NYSCEF 20).

On March 30, 2021, the Court issued an order granting Madero's application and denying plaintiff's cross-motion (NYSCEF 22). The court also directed plaintiff to pay Madero's counsel fees in accordance with the Settlement Agreement (*id.*).

On April 8, 2021, plaintiff discharged O'Hara and retained new counsel, who filed a Notice of Appeal on April 28, 2021 (NYCEF 51). Because plaintiff's new counsel believed the appeal lacked legal merit, the appeal was not perfected (*id.*). By court order dated July 21, 2021, plaintiff was directed to pay $20,000 in attorneys' fees to Madero's counsel, and he anticipates further financial liability (NYSCEF 1).

Plaintiff commenced this action for legal malpractice on April 4, 2022, alleging that he received deficient legal advice regarding the viability of setting aside the Settlement Agreement, that he incurred unnecessary legal fees, in both his representation by defendants and under the

**152842/2022  ROBBINS, HENRY vs. O'HARA, JENNIFER J ET AL**
**Motion No. 002**

**Page 2 of 8**

2 of 8

fee-shifting provision of the Settlement Agreement, and that the divorce proceeding was prolonged as a result (NYSCEF 1).

### B.      Contentions

Defendants argue that plaintiff fails to state a cause of action for legal malpractice and that his conclusory allegations do not amount to a cognizable claim for legal malpractice in the State of New York.   Defendants further argue that plaintiff does not allege, nor can he show, that but for defendants' malpractice, the result would have been different in his favor.  Moreover, defendants argue plaintiff had the opportunity to appeal his cross-motion with his new attorney, which falls outside the scope of defendant's representation.  Lastly, defendants argue that an attorney's judgment call on a legal issue, particularly one involving the COVID-19 pandemic and its effects on settlement agreements, constitutes judgmental immunity.

Plaintiff contends that, contrary to established New York law and without informing him of the Settlement Agreement's fee-shifting provision, defendants advised him not to comply with the agreement—specifically its life insurance requirement—and to seek to void it, thereby exposing him to substantial legal fees and ultimately resulting in an unsuccessful cross-motion and further litigation.  He further contends that defendants billed for baseless legal research. Plaintiff claims that but for defendants' negligent advice, he would have complied with the Settlement Agreement, avoided costly motion practice, and not delayed the resolution of the divorce.  Plaintiff claims this conduct deviated from the standard of care expected of a matrimonial attorney and constitutes legal malpractice.

### C.      Legal Conclusions and Analysis

CPLR 3211(a)(7) provides that a party may move for dismissal "on the ground that the pleading fails to state a cause of action."  Dismissal of a complaint pursuant to CPLR 3211(a)(7)

**152842/2022   ROBBINS, HENRY vs. O'HARA, JENNIFER J ET AL**                    **Page 3 of 8**
  **Motion No.  002**

[* 3]                                                    3 of 8

requires that the pleading be afforded a liberal construction and that the court accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see CSC Holdings, LLC v Samsung Elecs. Am., Inc.*, 192 AD3d 556 [1st Dept 2021]).  "Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (*Connaughton v. Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 142 [2017] [citations omitted]).

Pursuant to CPLR § 3211(a)(1),"[a] party may move for judgment dismissing one or more causes of action asserted against him on the grounds that … a defense is founded upon documentary evidence[.]"  Dismissal is "warranted only if documentary evidence submitted utterly refutes plaintiff's factual allegations, and conclusively establishes a defense to the asserted claims as a matter of law" (*Kolchins v Evolution Markets, Inc.*, 128 AD3d 47 [1st Dept 2015], *affd*, 31 NY3d 100 [2018] [internal quotations omitted]).

To plead a cause of action for legal malpractice, "a plaintiff must allege negligence on the part of the attorney, that the attorney's conduct was the proximate cause of the injury to plaintiff, and that plaintiff suffered actual and ascertainable damages" (*Jarmuth v Wagner*, 219 AD3d 1248 [1st Dept 2023]).  Causation requires a plaintiff to "show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438 [2007]; *see also Magassouba v Cascione, Purcigliott & Galluzzi P.C.,* 178 AD3d 509 [1st Dept 2019]; *O'Callaghan v Brunelle,* 84 AD3d 581 [1st Dept 2011]).  However, conclusory allegations do not adequately state a claim for malpractice (*Roedelbronn v Borstein & Sheinbaum LLC*, 221

152842/2022   ROBBINS, HENRY vs. O'HARA, JENNIFER J ET AL
Motion No.  002

Page 4 of 8

AD3d 436 [1st Dept 2023]). A plaintiff's "damages may include litigation expenses incurred in an attempt to avoid, minimize, or reduce the damage caused by the attorney's wrongful conduct" (*Rudolf*, 8 NY3d at 443).

"Pursuant to the professional judgment rule, an attorney's 'selection of one among several reasonable courses of action does not constitute malpractice' (*Springs v L&D Law P.C.,* 234 AD3d 422, 424 [1st Dept 2025] *quoting Rosner v. Paley,* 65 NY2d 736 [1985]). However, an attorney may be held liable for malpractice when they pursue an untenable legal strategy and fail to advise the client of the adverse consequences, especially where those consequences were foreseeable and avoidable (*see Tenesaca Delgado v. Bretz & Coven, LLP*, 106 AD3d 486, 488–89 [1st Dept 2013] [legal malpractice claim sufficiently stated where attorneys advised plaintiff to seek relief barred by law, failed to warn of likely deportation, and thereby caused her removal]; *see also Stevens v Wheeler*, 216 AD3d 537, 538 [1st Dept 2023] [holding malpractice claim sufficiently stated where attorneys' probate advice exposed estate to greater elective share under Rhode Island law]).

Here, defendants argue that plaintiff's allegations are conclusory and fail to state a claim. While the complaint uses terms like "negligent" and "reckless," plaintiff alleges specific facts to support these assertions, namely, that defendants advised him to repudiate a fully executed negotiated Settlement Agreement, based on speculative legal grounds purportedly justified by the COVID-19 pandemic. Plaintiff further alleges that this advice was unreasonable, contrary to established law, and proximately caused him to incur damages, specifically his own unnecessary legal fees and Madero's attorneys' fees pursuant to the Settlement Agreement's fee-shifting provision.

**152842/2022   ROBBINS, HENRY vs. O'HARA, JENNIFER J ET AL**
  **Motion No.  002**

**Page 5 of 8**

5 of 8

Defendants also contend that plaintiff cannot establish causation because he did not and could not prevail on the cross-motion seeking to set aside the Settlement Agreement. The alleged malpractice is not that defendants failed to succeed on the cross-motion, but that they advised plaintiff to pursue a meritless strategy that was contrary to controlling precedent and predictably resulted in financial harm. "Causation" in the malpractice context does not always require that a client would have prevailed on a meritless motion, but rather that the attorney's deficient advice proximately caused the client to incur avoidable damages (*Boye v Rubin & Bailin, LLP*, 152 AD3d 1 [1st Dept 2017] ["plaintiff must show that he or she . . . would not have incurred any damages, but for the lawyer's negligence"(quoting *Rudolf*, 8 NY3d at 442)]).

Defendants also argue that plaintiff's failure to appeal the denial of his cross-motion bars this malpractice claim. Under *Grace v Law* (24 NY3d 203, 210 [2014]), failure to pursue an appeal only precludes a malpractice action where the plaintiff was likely to succeed on appeal. Here, plaintiff does not allege that the appeal had merit; he alleges that the cross-motion itself was legally untenable and negligently advised. Where the alleged malpractice is not curable on appeal, the failure to appeal does not bar the claim (*Florists' Mut. Ins. Co., Inc. v Behman Hambelton, LLP*, 160 AD3d 502 [1st Dept 2018]). Therefore, the issue is whether the legal strategy proposed by defendants was so untenable as to fall below the applicable standard of care.

New York courts have consistently held that a party may not avoid or set aside a matrimonial settlement agreement based on post-execution changes in circumstances or unilateral expectations about asset value. In *Simkin v Blank*, 19 NY3d 46 (2012), the Court of Appeals held that a marital settlement agreement cannot be reformed or set aside based on a post-divorce discovery that an investment account, thought to be valuable at the time of

**152842/2022   ROBBINS, HENRY vs. O'HARA, JENNIFER J ET AL**
**Motion No.  002**

**Page 6 of 8**

6 of 8

[* 6]

settlement, was part of a fraudulent Ponzi scheme, unless the mistake was both mutual and material at the time the agreement was executed, which plaintiff does not allege here. Similarly, in *Greenwald v Greenwald*, 164 AD2d 706 (1st Dept [1991]), the Court rejected the husband's attempt to reopen the distribution of marital assets based on post-trial market losses, emphasizing that equitable distribution is fixed as of the commencement of the action and that post-settlement fluctuations do not justify modification. Together, these cases affirm that once the parties have negotiated and executed a settlement, particularly with the benefit of counsel and extensive negotiation, it will be enforced according to its terms.

Lastly, defendants' argument that an attorney's judgment call, particularly one involving COVID-19 and its impact on settlement agreements, constitutes judgmental immunity is misplaced. They rely on *Lloyd's Syndicate 2987 v Furman Kornfeld & Brennan, LLP*, 182 A.D.3d 487 (1st Dept 2020), where the court applied judgmental immunity because the attorney's advice involved unsettled insurance law and was supported by two reasonable, independent legal grounds. The plaintiff failed to allege that either was incorrect. Notably, *Lloyd's* was decided before the COVID-19 pandemic and did not involve pandemic-related legal advice. Here, the alleged malpractice does not involve unsettled law or ambiguous contract terms. It concerns specific advice to seek settlement modification based on speculative assumptions about COVID-19. Judgmental immunity does not apply where the advice lacks a reasonable basis.

At the motion to dismiss stage, pursuant to CPLR 3211(a)(7), these allegations sufficiently state that defendants "failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that their failure caused plaintiff to suffer actual and ascertainable damages" (*Nath v Chemtob Moss Forman & Beyda, LLP*, 231

152842/2022   ROBBINS, HENRY vs. O'HARA, JENNIFER J ET AL
Motion No. 002

Page 7 of 8

7 of 8

AD3d 546 [1st Dept 2024]). Accordingly, defendants' motion to dismiss pursuant to CPLR 3211(a)(7) is denied.

Accordingly, it is hereby

ORDERED that defendants' motion to dismiss is denied; and further it is

ORDERED that defendants are directed to file an answer within 20 days of the service of this decision and order with notice of entry; and further it is

ORDERED that the parties are directed to appear for a preliminary conference on July 12, 2025, at 9:30 a.m., at 71 Thomas Street, Room 305, New York, New York.

20250605160455DBC0HEN796847E5731A4A248E3DFE965F2679D8

| 6/5/2025 | | | | |
|----------|---|---|---|---|
| **DATE** | | | | **DAVID B. COHEN, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**152842/2022   ROBBINS, HENRY vs. O'HARA, JENNIFER J ET AL**
**Motion No.  002**

**Page 8 of 8**

8 of 8