Gelwan v De Ratafia (2025 NY Slip Op 07093)

Gelwan v De Ratafia

2025 NY Slip Op 07093

Decided on December 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 18, 2025

Before: Webber, J.P., Gesmer, González, Pitt-Burke, Higgitt, JJ. 

Index No. 654525/16|Appeal No. 5403-5404-5405-5406&M-6112-M-6114|Case No. 2023-05403 2024-01204 2024-01807|

[*1]Lloyd A. Gelwan, Plaintiff-Appellant, Amanda Nelson, etc., Plainitiff,
v
Georges-Lucien De Ratafia, et al., Defendants-Respondents. 

Law Offices of Lloyd A. Gelwan, New York (Lloyd A. Gelwan of counsel), for appellant.
David S. Schwartz Law, PLLC, New York (David S. Schwartz of counsel), for Georges-Lucien De Ratafia and Diane Ackroyd, respondents.
Rivkin Radler LLP, New York (Henry Mascia of counsel), for Columbia County, respondent.
Abrams Garfinkel Margolis & Bergson, LLP, New York (Andrew Gefell of counsel), for The Warshawsky Law Firm and Steven M. Warshawsky, respondents.

Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about October 16, 2023, which, to the extent appealed from, granted in part the motion of defendants Georges-Lucien de Ratafia and Diane Ackroyd to the extent of dismissing the causes of action for breach of the implied covenant of fair dealing and tortious interference with contract as against them; granted the motion of The Warshawsky Law Firm and Steven M. Warshawsky (together, Warshawsky) to dismiss the causes of action for tortious interference with contract, breach of fiduciary duty, professional negligence, and violation of Judiciary Law § 487 as against them; and granted the motion of defendant Columbia County to dismiss cause of action for interference with a charging lien as against it, unanimously affirmed, with costs. Cross-appeal from the order insofar as it denied in part defendants Georges-Lucien de Ratafia and Diane Ackroyd's motion to dismiss the insofar as the motion sought to dismiss the causes of action for breach of contract and imposition of a charging lien as against them, unanimously dismissed, without costs.
Order, same court and Justice, entered February 16, 2024, which denied plaintiff's motion for renewal of Columbia County's motion, unanimously affirmed, with costs.
Order, same court and Justice, entered February 26, 2024, which granted de Ratafia and Ackroyd's cross-motion to compel plaintiff's acceptance of their late-served answer, and denied, as moot, plaintiff's motion for entry of a default judgment against de Ratafia and Ackroyd for failure to timely answer the second amended complaint, unanimously affirmed, with costs.
Under a 2012 retainer agreement, de Ratafia and Ackroyd retained the law firm of Glenn Backer Esq., with plaintiff as "of counsel," to commence and prosecute a civil rights action in federal court against Columbia County. The agreement provided for a 40% contingency fee that Backer was to share equally with plaintiff. In 2015, the firm of O'Connell and Aronowitz (O&A), which is not a party in this action, was substituted for Backer, who had withdrawn from the matter and later died in 2016. Plaintiff continued to work on the case with O&A. In 2016, de Ratafia and Ackroyd caused Warshawsky to be substituted as counsel for O&A, with plaintiff remaining as co-counsel. The federal action was settled in June 2016. Plaintiff was not paid any attorneys' fees from the settlement proceeds, and in August 2016, he commenced this action against de Ratafia, Ackroyd, and Warshawsky, seeking a contingency award of 45% of the settlement recovery.
Initially, we reject de Ratafia and Ackroyd's arguments that the 2012 retainer agreement is invalid under 22 NYCRR 1200.0 rule 1.5(g), and that plaintiff therefore has no enforceable rights under the agreement because it violated professional and ethical rules. Contrary to de Ratafia and Ackroyd's contentions, the agreement need not have provided for a proportionate division of the fees, as the language stating that the fee would be equally shared, along with the use of the word "we" with respect to the work to be performed, effectively informed de Ratafia and Ackroyd that Backer and plaintiff were assuming joint responsibility for the representation. In addition, the fact that the retainer agreement did not include a "conflict of interest waiver" does not render it void. Nor does the record support a finding that the retainer was void on the ground that plaintiff solicited other attorneys to work and did not perform the legal work himself (see Oberman v Reilly, 66 AD2d 686, 687 [1st Dept 1978], appeal dismissed 48 NY2d 602 [1979]). The retainer was also not rendered void by the mere inclusion of the provision stating that an agreement "between you [de Ratafia and Ackroyd] and us [Backer and plaintiff], as your counsel, is necessary for settlement" as the provision was not invoked here by an attorney in an attempt to impede settlement (see Costa v Arandia & Arandia, 191 AD3d 499, 499 [1st Dept 2021]).
For the same reasons, we reject de Ratafia and Ackroyd's assertion that plaintiff's right to a contingency fee terminated upon Backer's withdrawal from representation of de Ratafia and Ackroyd in the federal action.
Moreover, de Ratafia and Ackroyd failed to show as a matter of law that their disputes during the federal action created conflicts of interest that rendered plaintiff's joint representation of them violative of ethical rules so as to bar plaintiff from remuneration for his legal work on the matter (cf. Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.7; Saint Annes Dev. Co. v Batista, 165 AD3d 997, 998 [2d Dept 2018]). Similarly, de Ratafia and Ackroyd have not shown that plaintiff's acceptance of their agreement, in the midst of the litigation, to pay him a 5% bonus contingency fee constituted an ethical violation that would oblige plaintiff to forfeit his legal fees.
As to the merits of plaintiff's causes of action against defendants, plaintiff failed to state causes of action for tortious interference with contract as against de Ratafia (sixth cause of action) and Ackroyd (seventh cause of action). The allegations in support of the cause of action against de Ratafia are lacking in specifics, and the allegations in support of the cause of action against Ackroyd are conclusory and insufficient to assert the type of tortious conduct that could be the basis for such a claim (see 245 E. 19 Realty LLC v 245 E. 19th St. Parking LLC, 223 AD3d 604, 607-608 [1st Dept 2024]; L.Y.E. Diamonds, Ltd. v Gemological Inst. of Am., Inc., 169 AD3d 589, 591 [1st Dept 2019]). Moreover, plaintiff failed to state a cause of action against de Ratafia and Ackroyd for breach of the implied covenant of good faith and fair dealing (second cause of action). The allegations of de Ratafia and Ackroyd's involvement in a purported scheme against plaintiff are conclusory and insufficient to assert the type of conduct that can be the basis for this cause of action.
Supreme Court correctly dismissed the cause of action alleging a violation of Judiciary Law § 487 as against Warshawsky (twelfth cause of action). Plaintiff's allegations regarding Warshawsky's alleged deceit are conclusory and fail to state a cause of action for violation of § 487 with the requisite particularity (see Nehmadi v Claude Castro & Assoc. PLLC, 204 AD3d 544, 544 [1st Dept 2022]; Facebook, Inc. v DLA Piper LLP [US], 134 AD3d 610, 615 [1st Dept 2015], lv denied 28 NY3d 903 [2016]).
In addition, plaintiff failed to state a cause of action for breach of fiduciary duty as against Warshawsky (tenth cause of action). The strong public policy interest of protecting the attorney's paramount ethical duty of undivided loyalty to the client would be compromised by creating a fiduciary duty between co-counsel (see e.g. Charles Gruenspan Co. v Thompson, 2003 WL 21545134, 2003 Ohio App LEXIS 3287, *28 [Ohio App Ct 2003, No. 80748]; see generally Beck v Wecht, 28 Cal 4th 289, 48 P3d 417 [Cal 2002]).
Supreme Court also correctly dismissed the claim predicated on Warshawsky's alleged tortious interference with the retainer agreement (ninth cause of action). Such a claim requires nonconclusory allegations that the interference was by "wrongful means" or for the sole purpose of harming the plaintiff, as opposed to in the defendants' own self-interest. Plaintiff uses the term "coercive" to describe Warshawsky's actions in obtaining de Ratafia and Ackroyd's participation to effectively freeze him out of the federal action. However, the allegations are devoid of any facts evincing actual coercion, crime, threat, or other tort in connection with de Ratafia and Ackroyd's exercise of their rights to employ of the counsel of their choice (see Jacobs v Continuum Health Partners, 7 AD3d 312, 313 [1st Dept 2004]; see also LoPresti v Florio, 71 AD3d 574, 574 [1st Dept 2010]).
Because there was no attorney-client relationship between plaintiff and Warshawky, his co-counsel, plaintiff has no standing to assert the professional negligence cause of action (eleventh cause of action), which sounds in legal malpractice. Thus, the court correctly dismissed it (see Federal Ins. Co. v North Am. Specialty Ins. Co., 47 AD3d 52, 60 [1st Dept 2007]; Burton v Rogovin, 262 AD2d 72, 72 [1st Dept 1999]).
Supreme Court also correctly dismissed as untimely the cause of action seeking to hold Columbia County liable for interfering with the Judiciary Law § 475 charging liens that plaintiff asserted against the other defendants (fifteenth cause of action). The court correctly applied the three-year statute of limitations under CPLR 214(3) applicable to claims involving conversion of property rather than the six-year statute of limitations under CPLR 213(1) applied to equitable causes of action. Plaintiff's claim against Columbia County accrued at the time his property interest—the money from the settlement funds placed in escrow that were subject to the charging lien—was allegedly converted. Supreme Court also correctly held that plaintiff did not make the showing necessary for application of the relation back doctrine (see Kingstone Ins. Co. v Marion Pharm. Inc., 224 AD3d 501 [1st Dept 2024]).
Further, Supreme Court correctly denied plaintiff's motion to renew Columbia County's motion dismissing the claim as against it (CPLR 2221[e][2]). Plaintiff's motion was based on a decision by Columbia County Supreme Court, in which that court stated in dicta that a six-year statute of limitation applied to the cause of action against Columbia County (Gelwan v Hyson, 81 Misc 3d 1230[A], 2023 NY Slip Op 51451[U] [Sup Ct, Columbia County 2023]). Because that decision is by a court of coordinate jurisdiction, it is not law of the case, nor does it have collateral estoppel effect (see Arnold v 4-6 Bleecker St. LLC, 165 AD3d 493, 494 [1st Dept 2018]). In any event, the Columbia County court's decision to dismiss the action was based entirely on the court's conclusion that the action before it was duplicative of this action, in which plaintiff can obtain complete relief, and not, as plaintiff now argues, on the court's dicta regarding the six-year statute of limitations.
Finally, the court did not abuse its discretion in granting de Ratafia and Ackroyd's cross-motion to compel late service of their answer and denying as moot plaintiff's motion for a default judgment against de Ratafia and Ackroyd for their failure to timely answer the complaint.
We have considered the remaining contentions and find them unavailing.
M-6112 - Gelwan v Georges-Lucien De Ratafia, et al.
Motion for an order directing defendants De Ratafia and Ackroyd to reimburse plaintiff for costs of the joint appendix, denied.
M-6114 - Gelwan v Georges-Lucien De Ratafia, et al.
Motion to dismiss the cross-appeal as untimely, granted.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 18, 2025